IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CARL JEROME HOLMES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:04-CV-125 (HL)** |
| B.G. COMPTON, Warden, | : | |
| | : | |
| Respondent. | : | |

### RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (tab 10).

Petitioner executed this petition on or about September 24, 2004, challenging his June 20, 1989 Lanier County guilty plea and sentence for burglary. Petitioner did not appeal his conviction or sentence. On June 13, 1997, petitioner filed a state habeas corpus petition challenging his 1989 conviction in Fulton County. After an evidentiary hearing on January 13, 1999, the state habeas court denied relief in an order filed March 29, 1999. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal in an order dated June 3, 2003.

On or about September 24, 2004, petitioner executed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner's conviction was final prior to the effective date of the AEDPA of April 24, 1996. Petitioner therefore had one year, or until April 24, 1997, in which to seek federal habeas relief or to otherwise toll the one year statute of limitation by properly filing an application for post-conviction relief or other collateral review. Wilcox v. Florida Department of Corrections, 158 F.3rd 1209, 1211 (11th Cir. 1998).

However, petitioner did not file his state habeas petition until June 13, 1997, after the time limit had expired.

Petitioner states that he is entitled to an equitable tolling of the time period because of circumstances beyond his control. Petitioner states that he attempted to obtain copies of petitioner's plea and sentencing from the Clerk of Superior Court of Lanier County over a period of two years, but never received anything more than the acknowledgement and waiver of rights form. However, plaintiff does not state why it took him until June of 1997 to file his state

habeas petition regarding his 1989 guilty plea. That is a period of almost nine years.

In <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik</u>, 177 F.3d at 1271. While equitable tolling is an "extraordinary remedy which is typically applied sparingly," <u>Steed</u>, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1312 (11th Cir.2001). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." <u>Drew v. Dept. of Corrections,</u> 297 F.3d 1278, 1286 (11th Cir. 2002). To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. <u>Id.</u> at 1287-89. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., <u>Johnson v. United States</u>, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); <u>Helton</u>, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); <u>Steed v. Head</u>, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); <u>Sandvik v. United States</u>, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

Waiting a period of almost nine years before filing his state habeas petition, even in the event

of requesting but failing to receive the transcript, does not show circumstances beyond petitioner's control.  Consequently, the undersigned does not find the situation appropriate for equitable tolling.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 3rd day of February, 2006.

//S Richard L. Hodge  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE

msd