IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CARL JEROME HOLMES,** | : | |
| **Petitioner,** | : | |
| v. | : | **Civil Action No.** |
| | : | **7:04-CV-125 (HL)** |
| **B.G. COMPTON, Warden,** | : | |
| **Respondent.** | : | |

### ORDER

Before the Court is a Report and Recommendation (Doc. 18) from United States Magistrate Judge Richard L. Hodge that recommends granting Respondent's Motion to Dismiss the Petition as Untimely. Petitioner has filed objections to the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which Plaintiff objects. For the reasons stated below, the Recommendation is accepted and Respondent's Motion to Dismiss the Petition as Untimely is granted.

Petitioner filed the instant federal habeas corpus petition on September 24, 2004 challenging his sentence pursuant to a guilty plea in Lanier County, Georgia. Petitioner's conviction became final on June 20, 1989, prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, Petitioner had until April 24, 1997, in which to file a federal habeas corpus petition or otherwise toll the statute of limitations. Wilcox v. Florida Department of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998). Petitioner failed to file either a state habeas corpus petition or a federal habeas corpus petition with in the time period.

Petitioner concedes that he did not file the required petition within the applicable time period, yet asserts he is entitled to an equitable tolling of the time period. Although the limitations period may be equitably tolled due to "extraordinary circumstances that are both beyond [Petitioner's] control and unavoidable even with diligence," Petitioner has failed to establish "extraordinary circumstances." See Sandvick v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner asserts he attempted to obtain copies of his plea and sentencing for a period of approximately two years. Petitioner further asserts he was unable to begin the process of requesting copies of his plea and sentence for an unspecified period of time because he was transferred between several prisons. However, Petitioner's assertions do not excuse a delay of almost nine years. Accordingly, the Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling.

For the reasons explained herein, the Magistrate Judge's Report and Recommendation is accepted and Respondent's Motion to Dismiss the Petition as Untimely is granted.

**SO ORDERED**, this the 10th  day of March, 2006.

    **/s/ Hugh Lawson**
    **HUGH LAWSON, Judge**

scs